# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL A. TYE,<br>            Appellant, | DOCKET NUMBER<br>PH-844E-20-0204-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: July 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael A. Tye</u>, Feasterville Trevose, Pennsylvania, pro se.

<u>Shawna Wheatley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing his application for disability retirement as untimely filed and determining that the appellant was not entitled to a waiver of the 1-year time limit

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for filing the application. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide an analysis for the administrative judge's conclusion that the appellant failed to establish a basis for waiving the untimeliness of his disability retirement application, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed with the Department of the Treasury, Internal Revenue Service (IRS), when he was separated from his employment on June 27, 2015. Initial Appeal File (IAF), Tab 7 at 22, Tab 8 at 46, 83. In November 2017, OPM received the appellant's application for a disability retirement annuity under the Federal Employees' Retirement System (FERS). IAF, Tab 7 at 22. In his statement of disability, the appellant asserted that he suffered from chronic lower back pain, sciatica, mild anemia, severe bipolar depression, and breathing issues, which affected his memory, ability to concentrate, energy level, and ability to keep up with proper hygiene. IAF, Tab 8 at 37. The appellant dated the application with May 17, 2016, and May 27, 2017, with a notation that the May

27 date was a second request. *Id.* at 38, 45. OPM deemed his application filed in June 2017. IAF, Tab 7 at 5, 22, 28.

OPM issued an initial decision dismissing the appellant's application for disability retirement as untimely filed more than 1 year after his separation from service. *Id.* at 22-25. The letter explained that he did not file his application within 1 year of his separation, as required by statute, and that the deadline could not be waived because there was no evidence that he was mentally incompetent at the time of his termination or became mentally incompetent during the following year. *Id.* The appellant requested reconsideration of OPM's initial decision. *Id.* at 10-13. OPM issued a reconsideration decision sustaining its original decision dismissing his application as untimely filed. *Id.* at 5-7. The appellant subsequently filed an appeal of OPM's reconsideration decision. IAF, Tab 1.

In a close-of-record order, the administrative judge apprised the appellant of his burden of proving either that he timely filed a disability retirement application or he was mentally incompetent during the relevant filing period, and thus, entitled to a waiver of the filing deadline. IAF, Tab 12 at 2-4. The administrative judge provided the parties with an opportunity to respond to the order. *Id.* at 5. After neither party responded, she issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 13, Initial Decision (ID) at 1-2, 6-7. Because the appellant did not request a hearing, the decision was based on the written record. ID at 1-2; IAF, Tab 1 at 1, Tab 2 at 1-2, Tab 10 at 1. The administrative judge found the appellant failed to prove that he timely filed his disability retirement application or he was entitled to a waiver of the filing deadline based on mental incompetence. ID at 6-7. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has failed to prove that he timely filed an application for disability retirement.</u>

On review, the appellant first argues that he truthfully represented the two dates, in May 2016 and May 2017, on which he filed his disability retirement application. PFR File, Tab 1 at 5. The administrative judge gave little weight below to the appellant's statements as to the date of filing, and we discern no basis to do otherwise on review.

Under 5 U.S.C. § 8453, an application for disability retirement under FERS must be filed with an employee's employing agency before he separates from service or with the former employing agency or OPM within 1 year after his separation. *See Bruce v. Office of Personnel Management*, 119 M.S.P.R. 617, ¶ 7 (2013). The date of filing the application is the date of receipt by personal delivery, or the date it was sent if the application was faxed or mail. 5 C.F.R. § 844.201(a)(2). Absent a postmark, a mailed application is presumed to have been sent 5 days before its receipt. 5 C.F.R. § 844.201(a)(2). As the administrative judge observed, the appellant's employing agency stamped the application as received in June 2017, 2 years after his separation. ID at 2; IAF, Tab 8 at 43, 83. The appellant did not state, and the record does not reflect, via what method he sent the application. IAF, Tab 1 at 7, Tab 7 at 15. Nor is there a postmark associated with, or facsimile mark on, the application. IAF, Tab 8 at 43, 83. Accordingly, we presume that, at the earliest, the application was mailed 5 days prior to when it was received by the appellant's former employing agency, which also would have been in June 2017. *Id.*; 5 C.F.R. § 844.201(a)(2).

Ordinarily, when an appellant certifies to the truthfulness of his statements and signs the appeal form, the statements would be accorded sufficient weight to rebut the presumption. *Foust v. Department of the Treasury*, 80 M.S.P.R. 477, ¶ 6 (1998) (giving weight to statement in appeal form, which the appellant certified to be true by signing, concerning the date she received a letter).

However, factors can affect the weight to be accorded to such hearsay evidence, including the consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other, and whether corroboration for statements can otherwise be found in the record. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981).

Here, the administrative judge accorded little weight to the appellant's statement on the appeal form because it contradicted an earlier statement he submitted to OPM. In his initial appeal, the appellant claimed that he timely submitted his application but did not keep a copy, so he prepared and submitted a new claim 1 year later. IAF, Tab 1 at 7. In his prior statement to OPM, he claimed that he resubmitted his prior application after retrieving it from storage. IAF, Tab 7 at 15. Applying the relevant *Borninkhof* factors, we agree with the administrative judge that the appellant's certified statement on his initial appeal and his statement to OPM are not sufficient to rebut the presumption of untimely filing. His statements were inconsistent with each other. Further, in his petition for review, he claims that he found his original application while packing his belongings to go to storage, which is inconsistent with his statement to OPM that he retrieved the application from storage. PFR File, Tab 1 at 5. It is also inconsistent with his statement in his original appeal that he did not keep a copy of his prior application. *Id.* Thus, the administrative judge correctly found that the appellant's statements regarding when he submitted his application were entitled to little weight.

The appellant also argues that the administrative judge erred in determining that he put both dates on the application on the same day. PFR File Tab 1 at 5; ID at 6. He maintains that the form was signed and dated on two separate dates. *Id.* We discern no basis to disturb this finding because the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*,

74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 257, 359 (1987).

The appellant failed to prove that he is entitled to a waiver of the 1-year time limit based on mental incompetence.

Because we have affirmed that the appellant's retirement application was untimely filed, the remaining issue in this case is whether the appellant showed that he was mentally incompetent during the period from June 27, 2015, to June 26, 2016. Without providing an analysis, the administrative judge affirmed OPM's determination that the appellant failed to establish his entitlement to a waiver of the filing deadline based on mental incompetence. ID at 6. We agree with the administrative judge but modify the initial decision to provide an analysis justifying her conclusion.

The 1-year filing time limit for filing an application for disability retirement may be waived if the employee was mentally incompetent at the date of separation or became mentally incompetent within 1 year thereafter, and the application is filed with OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. 5 U.S.C. § 8453; *Bruce*, 119 M.S.P.R. 617, ¶ 7. The appellant has the burden of proving, by preponderant evidence, that he was mentally incompetent during the relevant filing period. *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 7 (2009).

The definition of mental incompetence "may be satisfied by one having some minimal capacity to manage his own affairs, and not needing to be committed"; the applicant need not show that he was a "raving lunatic continuously." *See French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987) (interpreting the same language as it applies to applicants for disability retirement annuities under the Civil Service Retirement System). In determining whether an individual was mentally incompetent during the relevant filing period, the Board requires medical evidence supporting subjective opinions

of mental incompetence. *Arizpe v. Office of Personnel Management*, 88 M.S.P.R. 463, ¶ 9 (2001).

In its initial decision and a subsequent letter, OPM advised the appellant that it could waive the 1-year time limit based on a showing of incompetence. IAF, Tab 7 at 22-24, 28. The appellant submitted to OPM unsworn statements from his sister, his girlfriend, and himself, along with notes from his psychiatrist and clinical summaries of medical appointments with his physician. IAF, Tab 7 at 10-12, 15-18, 31-43, 47-48. The statements indicate that the appellant suffered from severe depression and bipolar disorder. *Id.* at 10-12, 16-18. Notes from his psychiatrist indicate that he was diagnosed with bipolar depression disorder and major depressive disorder and was unable to work. *Id.* at 31-33. The clinical summaries chronicle his treatment for various medical issues including pain in his hand, hyperlipidemia, high blood pressure, and dysmetabolic syndrome. *Id.* at 34-43, 47-48. While the clinical summaries list depressive disorder as an active problem, there is no additional information or an explanation of the diagnosis. *Id.* at 39, 43, 48.

While we find that the appellant established that he was affected by bipolar disorder and major depressive disorder, the medical reports fail to establish mental incapacity such as is necessary to waive the filing time limit. In *Pilcher v. Office of Personnel Management*, 96 M.S.P.R. 317, ¶ 24 (2004), the Board held that the physician's statement that the appellant was mentally incompetent was entitled to little or no weight because it provided no explanation for its conclusion and was not accompanied by any supporting documentation. Similarly, here the psychiatrist's notes and physician's clinical summaries indicate his diagnosis is bipolar depression disorder and major depressive disorder but fail to include a medical report or examination to substantiate the diagnosis.

In their statements, the appellant, his sister, and his girlfriend asserted that his depression and bipolar disorder caused him to forget things, affected his

ability to focus, and made him withdraw from social interactions and disregard personal hygiene. IAF, Tab 7 at 10-12, 16-19; Tab 8 at 37. This evidence, without a supporting medical report, is insufficient to determine that the appellant was mentally incompetent during the relevant period. *See Crane v. Office of Personnel Management*, 55 M.S.P.R 16, 18-19 (1992) (finding that it is error for an administrative judge to rely upon the testimonies of the appellant and her husband to find mental incapacity, absent a supporting medical report). Further, medical evidence that does not provide a time at which mental deterioration commenced or the degree to which the condition affected the appellant's competence is insufficient to establish incompetency. *Savage v. Department of the Air Force*, 30 M.S.P.R. 665, 668 (1986). Here, the psychiatrist's notes indicate the appellant began treatment for depression around 2014 or 2015 and was unable to work as of May 2018 but offer no details as to the appellant's competency or lack thereof. IAF Tab 7 at 30-33. Therefore, we agree with the administrative judge that the appellant has failed to show that he was mentally incompetent during the filing period.

On review, the appellant did not provide any evidence of his mental incompetence during the relevant period. He only asserted that he failed to respond to the administrative judge's close-of-record conference because his dog died and his depression medication barely kept him functional. PFR File, Tab 1 at 4. Because it appears these events occurred after the 1-year period for filing his disability retirement application, these facts are not relevant here. Thus, we find that the appellant's assertion does not provide a reason to disturb the initial decision.

Lastly, the appellant reasserts on review that he has a pending union grievance challenging, as relevant here, his termination date. PFR File, Tab 1 at 5; IAF, Tab 1 at 7. He claims that the grievance is on hold, pending a determination of his claim for disability with the Social Security Administration (SSA). PFR File, Tab 1 at 5; IAF, Tab 1 at 7. He contends that the 1-year time

limit should "be a little more lenient" in consideration of this situation. Under 5 U.S.C. § 1204(h), the Board is statutorily precluded from issuing advisory opinions. The appellant's request asks the Board to consider speculative facts that are not in evidence and circumstances that may not occur to determine that his retirement application was timely filed. The Board may not, and will not, engage in conjecture as to how his grievance and SSA claim will be resolved. *See McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 554-55 (1994) (declining to consider an appellant's hypothetical scenarios that would require the Board to issue an advisory opinion, which is specifically forbidden by statute), *aff'd per curiam*, 47 F.3d 1181 (Fed. Cir. 1995) (Table). The record evidence reflects that his termination is June 27, 2015.

Since filing his petition for review in August 2020, the appellant has not sought to submit new evidence of any change in his termination date. As such, we find that the appellant's contention is not sufficient to find that OPM erred in dismissing his disability retirement application as untimely filed. Thus, the appellant failed to establish a basis for waiving the statutory time limit for filing his application for disability retirement, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.